EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN GARCÍA, acusado y apelante.

No. 3998.—*Sometido:* Enero 21, 1930. *Resuelto:* Enero 23, 1930.

*P. J. Miranda,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Ramón García fué convicto de una infracción a la Ley de Pesas y Medidas, y alega que la acusación no imputa delito alguno.

Los hechos alegados en la acusación revelan que faltaban dos libras en una venta de seis libras de café. La sección 15 de la Ley, según fué enmendada en 1917, leyes de ese año, tomo primero, páginas 205–207, dispone que:

"Ninguna persona dará, o permitirá que se dé, ningún peso o medida falto o incompleto en la compra, venta o traspaso de artículos, efectos o mercancías, y ninguna persona usará, o permitirá que se use, ninguna pesa o medida falsa en ninguna transacción industrial o comercial, como base para fijar el precio o pago en la compra, venta, traspaso o transporte de cualesquiera artículos, efectos o mercancías."

Esta sección fué nuevamente enmendada en 1921, leyes de ese año, páginas 179–181, en la siguiente forma:

"Ninguna persona dará, ni permitirá que se dé, ningún peso o medida falso o incompleto en la compra, venta, traspaso, o transporte de artículos, efectos o mercancías, o en la compra o venta de cualquier trabajo, tarea o servicio cuya remuneración deba ajustarse sobre la base de peso, o sobre una base de medida que no sea la del tiempo; y ninguna persona usará ni permitirá que se use, ninguna pesa o medida falsa en cualquiera transacción industrial o comercial, como base para fijar el precio o pago en la compra, venta, traspaso o transporte de cualesquiera artículos, efectos o mercancías o en la compra o venta de cualquier trabajo, tarea, o servicio cuya remuneración deba ajustarse sobre la base de peso, o sobre una base de medida que no sea la del tiempo, ni tendrá ni permitirá que se tenga en su establecimiento comercial o industrial tal pesa o medida falsa."

La objeción es que en la acusación no se menciona ninguna "compra o venta de cualquier trabajo, tarea o servicio cuya remuneración deba ajustarse sobre la base de peso, o sobre una base de medida que no sea la del tiempo."

El efecto de la enmienda posterior fué meramente agregar otra modalidad o forma de cometerse el delito ya definido. La denuncia en el presente caso imputaba la comisión de un

delito en la forma primeramente reseñada en la definición estatutoria, y era innecesario, para decir lo menos, imputar la comisión del delito en la forma alternativa posteriormente descrita, ni en ninguna de las otras modalidades especificadas en el contexto.

Según indica el fiscal, el alegato del apelante no contiene señalamiento de errores, y esto sólo hubiese bastado para confirmar la sentencia o para desestimar la apelación sin entrar en los méritos del presente recurso.

*Debe confirmarse la sentencia apelada.*